```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| ARTHUR ALDRICH, | : |
|     Plaintiff, | : |
| v. | :    No. 3:11-CV-00508 (DJS) |
| MONICA FARINELLA and NURSE YVONNE, | : |
|     Defendants. | : |

## INITIAL REVIEW ORDER

The plaintiff, Arthur Aldrich, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against the defendants, Monica Farinella and Nurse Yvonne, alleging deliberate indifference to medical need in violation of the Eighth Amendment to the United States Constitution.  Jurisdiction exists under 28 U.S.C. § 1331.

Aldrich is incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut.  The defendants provide medical care to inmates at the Corrigan Correctional Institution in Uncasville, Connecticut.

Aldrich suffers from acute asthma.  His claims in this action derive from his dissatisfaction with the treatment he received for this condition between October 2010 and February 2011, when he was held at the Corrigan facility.

Pursuant to 28 U.S.C. § 1915A(a), the Court must

preliminarily review a prisoner's civil complaint seeking redress from government employees.  In so doing, the Court must identify cognizable claims and dismiss any portion of the complaint that is frivolous, malicious, or that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A pro se complaint is adequately pled if its allegations "can conceivably give rise to a viable claim."  Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005).  Such a complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Indeed, it must be "liberally construed," id., and interpreted "to raise the strongest arguments that it suggests," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

Here, the Court has reviewed Aldrich's Complaint and concludes that it contains sufficient allegations of deliberate indifference to medical need to warrant service to the defendants.  Accordingly, the Court orders as follows:

(1) The Pro Se Litigation Office shall ascertain the current work address for each defendant in this action from the Department of Correction Office of Legal Affairs and mail a waiver of service of process request packet to each defendant in

2

his or her individual capacity **no later than November 4, 2011**, and report to the Court on the status of those waiver requests **no later than December 2, 2011**.  If any Defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service and that Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

    (2) The Pro Se Prisoner Litigation Office shall prepare summons forms and send official capacity service packets to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the Complaint on each of the defendants in her official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, Connecticut 06141, **no later than November 4, 2011**, and to file returns of service **no later than November 11, 2011**.

    (3) The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

    (4) The defendants shall file their response to the Complaint, either an answer or motion to dismiss, **no later than January 6, 2012**.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  The defendants may also include

any additional defenses permitted by the Federal Rules of Civil Procedure.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **no later than June 1, 2012**. Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed **no later than July 2, 2012**.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion no later than twenty-one (21) days after the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) The plaintiff may not amend his Complaint to include any additional claims or defendants without first obtaining leave to do so from the Court.

(9) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

Finally, in light of the forgoing, Aldrich's pending Motions for Declaratory Relief **(dkt. # 6)**, to Compel defendants to Produce his Medical Records **(dkt. # 8)**, and for Default **(dkt. # 9)**, are **DENIED** as premature.  Also, in another related action, Aldrich has recently informed the Court that he is now receiving

4

the medication he needs to relieve his asthma symptoms. Accordingly, his pending Motion for Injunctive Relief **(dkt. # 4)** — which sought to remedy this problem — is **DENIED** as **MOOT**.

      SO ORDERED this 6th day of October, 2011.

          _____/s/DJS_____
          **DOMINIC J. SQUATRITO**
          **UNITED STATES DISTRICT JUDGE**