## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

ARTHUR ALDRICH

    v.                                 **CASE NO.  3:11CV508(DJS)(TPS)**

MONICA FARINELLA, ET AL.

### RULING ON PENDING MOTIONS

Pending before the court is a motion for appointment of counsel and motion to depose defendants. For the reasons set forth below, the motions are denied without prejudice.

## I.   Motion for Appointment of Counsel [Doc. No. 29]

The plaintiff claims that defendants' counsel intends to depose him on Mary 16, 2012.  He seeks the appointment of pro bono counsel to represent him at the deposition.

The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 986 (1991).  The plaintiff asserts that he has contacted the Inmates' Legal Assistance Program in the past, but an attorney informed him that he is not permitted to represent inmates in legal actions.  The plaintiff claims that he contacted one attorney at some point in the past, but he declined to assist the plaintiff due to his heavy case load.  The plaintiff states that he contacted an attorney at the American Civil Liberties Union, but he declined to assist him

due to budget restrictions.    These three efforts to obtain legal representation are insufficient to demonstrate that he is unable to secure legal representation or assistance on his own.  The motion for appointment of counsel is denied without prejudice.

**II.  Motion to Depose Defendants [Doc. No. 30]**

Pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, the plaintiff seeks leave to orally depose defendants Monica Farinella and Nurse Yvonne at MacDougall Correctional Institution in Suffield, Connecticut or at the United States District Court in Hartford, Connecticut on June 4, 2012.  He asks that a room be designated for the depositions, a stenographer be appointed to record the depositions and that all fees associated with the depositions be waived.

The statute authorizing indigent persons to file an action without prepayment of the filing fee, 28 U.S.C. § 1915, does not authorize the payment of deposition or other discovery or trial expenses by the court. *See Malik v. Lavalley*, 994 F.2d 90 (2d Cir. 1993) (holding 28 U.S.C. § 1915 does not "authorize[] the federal courts to waive or pay . . . witness fees" on behalf of *pro se* litigant); *Koehl v. Greene*, No. 9:06-CV-0478 (LEK/GHL), 2007 WL 4299992, *3 (N.D.N.Y. Dec. 6, 2007) ("[A] litigant proceeding *in forma pauperis* does not have the right to a waiver of (1) the cost of a deposition stenographer, (2) the daily attendance fee and mileage allowance that must be presented to an opposing witness under Rule 45 of the Federal Rules of Civil Procedure, or (3) the

copying cost of any deposition transcripts") (citing cases); *Tajeddini v. Gulch*, 942 F. Supp. 772, 782 (D. Conn. 1996) (denying plaintiff's motion to depose defendants because plaintiff did not indicate how he would pay deposition expenses and *in forma pauperis* status does not require advancement of funds by the court for deposition expenses).

Pursuant to Rule 30(b)(3), the party who seeks to take the deposition and chooses to record the testimony "by audio, audiovisual or stenographic means. . . . bears the recording costs."  Furthermore, Rule 30(b)(5) requires that, unless the parties have otherwise stipulated, a deposition by oral questions be conducted before an officer appointed by or designated under Fed. R. Civ. P. 28.  The plaintiff does not indicate that he has sufficient funds to pay the required expenses to depose the persons identified in his motion.  Nor has he made any arrangements to have an officer present at the deposition pursuant to Fed. R. Civ. P. 30(b)(5).  Thus, plaintiff's motion is denied without prejudice.

The plaintiff may refile his motion if he can demonstrate that he has sufficient funds to pay the deposition expenses.  The court notes that there are other, less expensive methods plaintiff could use to obtain the evidence he now seeks by oral deposition recorded by a stenographer.  The Federal Rules of Civil Procedure also allow a party to conduct depositions upon written questions pursuant to Rule 31 or to pose interrogatories to an opposing party pursuant to Rule 33.

**III. Conclusion**

The Motion for Appointment of Counsel [**Doc. No. 29**] is **DENIED** without prejudice.  Any renewal of this motion shall be accompanied by a summary of the plaintiff's attempts to secure legal assistance and the reasons why assistance was unavailable.  The plaintiff's Motion to Depose Defendants [**Doc. No. 30**] is **DENIED** without prejudice.


**Dated at Hartford, Connecticut this __15th__ day of May, 2012.**


                                   **/s/ Thomas P. Smith**_____
                                   **THOMAS P. SMITH**
                                   **UNITED STATES MAGISTRATE JUDGE**

4